# EXHIBIT 4

# LIBERTY UNIVERSITY.

December 13, 2022

**_Via Federal Express and Electronic Mail_**

Jerry L. Falwell, Jr.
c/o Vernon E. Inge Jr.
Whiteford, Taylor & Preston LLP
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, Virginia 23219
VInge@wtplaw.com

    Re:    Jerry L. Falwell Jr.'s Claim for Benefits under the Supplemental Executive Retirement Plan

Dear Mr. Inge:

I am writing on behalf of the Executive Committee of Liberty University's Board of Trustees (the "Executive Committee"), which administers the Supplemental Executive Retirement Plan dated July 22, 2020 (the "SERP"). The Executive Committee has reviewed and considered the SERP claim submitted on behalf of Mr. Jerry L. Falwell, Jr. on September 14, 2022. For the reasons discussed below, the Executive Committee has denied Mr. Falwell's demand for payment of the SERP benefits pending final resolution by a court of competent jurisdiction of the dispute between Liberty University and Mr. Falwell.

**Background**

In the claim letter dated September 14, 2022, Mr. Falwell demands payment of his SERP benefit as of September 1, 2022. Mr. Falwell contends that payment is due as of that date pursuant to Sections 4 and 5 of the SERP.

Section 4 of the SERP provides:

> Payment of the Account. Subject to Paragraph 5 below, you (or, in the event of your death, your beneficiary or estate) will be entitled to receive the balance of the Account attributed to credits made pursuant to Paragraph 2 (together with the earnings related described in Paragraph 3) in a single lump sum payment on the first of the month following the earliest to occur of the following: your death, your Disability (as defined in your Employment Agreement), and the second anniversary of your termination of employment

with the University for any reason other than Cause (as defined in your Employment Agreement).

Section 5 of the SERP provides:

> <u>Forfeiture of the Account</u>. Notwithstanding Paragraph 4 above, in the event that your employment is terminated for Cause (as defined in your Employment Agreement) or you engage in any Competitive Activity (as defined in your Employment Agreement) during the Non-Competition Period (as defined in your Employment Agreement), you will forfeit the right to the balance of the Account.

According to Mr. Falwell's claim letter, he resigned on August 25, 2020 for Good Reason (as defined in his Employment Agreement) and has not engaged in Competitive Activity. Therefore, Mr. Falwell demands his SERP benefit be paid out as of September 1, 2022, the first of the month following the second anniversary of his termination.

**Specific Reasons For Denial**

Although the Executive Committee does not dispute that Mr. Falwell resigned on August 25, 2020, it notes the legal dispute currently pending between the parties in the Circuit Court of the City of Lynchburg, Virginia (Case Number CL21000354-00). The Executive Committee expects this lawsuit will clarify certain key factual issues related to the circumstances surrounding Mr. Falwell's separation and the validity of and entry into his various employment contracts, including his July 1, 2019 Employment Agreement and the separate July 21, 2020 SERP.

In light of this outstanding legal dispute and the likelihood of further development in the factual record, the Executive Committee has determined that it cannot properly construe the terms SERP, and in particular Mr. Falwell's eligibility for SERP benefits, until these additional facts are finally determined. Pursuant to Section 7(a) of the SERP, in the absence of clear and convincing evidence that the Committee acted arbitrarily and capriciously, any determination made by the Executive Committee with respect to the SERP will be final, binding and conclusive.

In addition to the inadequate factual record, the Executive Committee notes that the SERP provides for the delay of payment under certain circumstances, which exist here, and the Trustee has in fact been directed to delay payment pending final resolution of the matter refenced above.

In connection with the SERP, Liberty University established a "rabbi" trust pursuant to a Trust Agreement, which was expressly incorporated into the SERP and attached thereto. SERP § 3(b).  Under the Trust Agreement, an Authorized Party has the exclusive responsibility for determining when SERP benefits should be paid under the terms of the SERP and the Trust Agreement.  Trust Agreement § 2(a), (c).  The Executive Committee has been designated as the Authorized Party under Section 2(f) of the Trust Agreement.

The Trust Agreement also provides for a delay in payment of any SERP benefits under certain circumstances.  Specifically, if there is "any disagreement or dispute in connection with the Trust or the subject matter hereof, including without limitation any dispute between the Trustee, the University, and/or the Participant, or between the University, the Participant and/or any person not a party to the Trust," then no payment need be made until "the rights of all persons involved in the dispute have been fully and finally adjudicated by a court of competent jurisdiction."  Trust Agreement § 9(i).

Such a dispute has arisen between Liberty University and Mr. Falwell and is pending resolution in the Circuit Court of the City of Lynchburg, Virginia as Case Number CL21000354-00.  The operative complaint currently asserts four causes of action against Mr. Falwell, each touching on and relating to the funds in the Trust and the circumstances giving rise to the creation and funding of the Trust.

Given the pending dispute between Liberty University and Mr. Falwell and consistent with the provisions of the SERP and Trust Agreement, the Executive Committee, in its capacity as Authorized Party and Plan Administrator, determined in its sole discretion to delay payment of any SERP benefit to Mr. Falwell until such time as the dispute has been fully and finally adjudicated by a court of competent jurisdiction.  For these reasons, the Executive Committee has denied Mr. Falwell's demand for payment of SERP benefits as of September 1, 2022.

**Right To Appeal**

This letter constitutes a determination of Mr. Falwell's claim under the SERP.  Mr. Falwell has the right to file an appeal of this determination pursuant to the appeals process set forth in Section 7(a) of the SERP.  Mr. Falwell, or his authorized representative, has up to 60 days following receipt of this letter to file a written request with the Executive Committee for a review of his denied claim.  In addition to a written request, Mr. Falwell may submit written comments, documents, records, and other information that he feels are relevant to his claim. Mr. Falwell also has the right to obtain, upon request and free of charge, copies of all documents, records, and other information relevant to his claim.

Any written request to appeal this determination should be addressed to:

> Executive Committee of Liberty University's Board of Trustees
> c/o David Corry, Corporate Secretary
> 1971 University Blvd, Lynchburg, VA 24515
> dcorry@liberty.edu

Should Mr. Falwell file an appeal, he will receive a written determination on appeal within 60 days after receipt of the request for an appeal, unless special circumstances require an extension of time for processing the appeal. If an extension of time is necessary, the Executive Committee will provide Mr. Falwell with written notice of the extension prior to the end of the 60-day period.

If Mr. Falwell receives an adverse determination on appeal, he has the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended. It is important to note that Mr. Falwell must follow the SERP's appeals process to completion before he may file a civil action.

Sincerely,

/s/ Carroll Hudson, Chairman

On behalf of the Executive Committee