# EXHIBIT 5

WHITEFORD, TAYLOR & PRESTON L.L.P.

TWO JAMES CENTER
1021 E. CARY STREET, SUITE 1700
RICHMOND, VIRGINIA 23219

MAIN TELEPHONE (804) 977-3300
FACSIMILE (804) 977-3299

DELAWARE*
DISTRICT OF COLUMBIA
KENTUCKY
MARYLAND
NEW YORK
PENNSYLVANIA
VIRGINIA

WWW.WTPLAW.COM
(800) 987-8705

VERNON E. INGE JR.
PARTNER
DIRECT LINE (804) 977-3301
DIRECT FAX (804) 977-3291
VInge@wtplaw.com

December 28, 2022

# **CONFIDENTIAL**

Executive Committee of Liberty University's Board of Trustees
c/o David Corry, Corporate Secretary
1971 University Boulevard
Lynchburg, Virginia 24515
dcorry@liberty.edu

Executive Committee of Liberty University's Board of Trustees
c/o Carroll Hudson, Chairman
1971 University Boulevard
Lynchburg, Virginia 24515
dcorry@liberty.edu

**THROUGH COUNSEL FOR LIBERTY UNIVERSITY:**

***Via E-Mail Transmission (soostdyk@mcguirewoods.com)***
***Confirmation by Hand Delivery***

Scott C. Oostdyk, Counsel for Liberty University
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916

> Re: ***Appeal of December 13, 2022 Denial of Supplemental Executive Retirement***
> ***Plan Benefits Payable to Jerry L. Falwell, Jr.***

Gentlemen:

As you are aware, I represent Jerry L. Falwell, Jr. ("**Mr. Falwell**"). We are in receipt of Mr. Carroll Hudson's letter dated December 13, 2022 denying Mr. Falwell's claim for benefits payable under the Supplemental Executive Retirement Plan ("**SERP**") dated July 22, 2020 and established by Liberty University ("**Liberty**"). Mr. Falwell appeals the denial of his claim and requests a review of the denied claim in accordance with Section 503 of the Employee

*Whiteford, Taylor & Preston L.L.P. is a limited liability partnership. Our Delaware offices are operated under a separate Delaware limited liability company, Whiteford, Taylor & Preston L.L.C.

**CONFIDENTIAL**

Executive Committee of Liberty University's Board of Trustees
c/o David Corry, Corporate Secretary
c/o Carroll Hudson, Chairman
Through Scott C. Oostdyk, Counsel for Liberty University
December 28, 2022
Page 2

---

Retirement Income Security Act of 1974, as amended ("**ERISA**"); 29 USC Section 1133, Labor Regulation Section 29 CFR 2560.503-1(h); and Section 7(a) of the SERP. Pursuant to Mr. Hudson's letter, this written appeal is addressed to the Executive Committee of Liberty University's Board of Trustees, c/o David Corry, Corporate Secretary, in addition to the Chairman of the SERP's Committee, Mr. Carroll Hudson.

In the December 13, 2022 letter denying the claim for benefits, Liberty acknowledges that Mr. Falwell resigned on August 25, 2020. Liberty does not and cannot dispute that Mr. Falwell has met the requirements for eligibility to receive payment of the SERP benefits under the terms of the SERP – specifically, the lapse of two years following termination of employment, other than for Cause.

"Cause" is defined in the Employment Agreement dated July 1, 2019 ("**Employment Agreement**"). Liberty has agreed that Mr. Falwell was not terminated for "cause." In fact, Liberty agreed and accepted that Mr. Falwell could resign for good reason and without cause. *See* Liberty University Board Accepts Jerry Falwell, Jr.'s Resignation as President, August 25, 2020, located at https://www.liberty.edu/news/press_release/liberty-university-board-accepts-jerry-falwell-jr-s-resignation-as-president/ (last accessed December 22, 2022). Liberty does not allege that Mr. Falwell engaged in "Competitive Activity" as defined in the Employment Agreement during the "Non-Competition Period" as defined in Section 5.2 of the Employment Agreement. Mr. Falwell has not engaged in any "Competitive Activity."

Instead, the denial is based on a pending spurious lawsuit brought against Mr. Falwell in state court ("**Lawsuit**") and the purported need of Liberty to resolve the issues in the Lawsuit before meeting Liberty's obligations under the SERP to pay the benefits due. The pendency of the Lawsuit has no bearing whatsoever on Mr. Falwell's rights to receive payments of the benefits due under the SERP. In fact, any state law claims, as they may relate to the SERP, are entirely preempted by ERISA. Under ERISA, the plan documents – here, the SERP – control Mr. Falwell's eligibility for payment. *See* ERISA Section 514, 29 USC Section 1144.

Liberty notes as part of its specific reasons for denial that the SERP provides for the delay of payments under certain circumstances. The SERP does not provide for delay of payments in certain circumstances. In fact, the SERP is clear regarding the timing of payments. Paragraph 4 of the SERP is titled "Payment of the Account" and provides, in full:

> Subject to Paragraph 5 below, you (or, in the event of your death, your beneficiary or estate) will be entitled to receive the balance of the Account attributed to credits made pursuant to Paragraph 2 (together with the earnings related described in Paragraph 3) in a single lump sum payment on the first of the

**CONFIDENTIAL**

Executive Committee of Liberty University's Board of Trustees
c/o David Corry, Corporate Secretary
c/o Carroll Hudson, Chairman
Through Scott C. Oostdyk, Counsel for Liberty University
December 28, 2022
Page 3

month following the earliest to occur of the following: your death, your Disability (as defined in your Employment Agreement), and the second anniversary of your termination of employment with the University for any reason other than Cause (as defined in your Employment Agreement).

As previously set forth in Mr. Falwell's September 14, 2022 letter, paragraph 5 is not applicable. Mr. Falwell was not terminated for Cause (as defined in the Employment Agreement) and has not engaged in any Competitive Activity (as defined in the Employment Agreement).

Liberty cites provisions of the Rabbi Trust Agreement established on July 22, 2020 ("**Rabbi Trust**") as a basis for delay of the payments to Mr. Falwell. The Rabbi Trust is a funding mechanism and means of protection for the payments due according to the SERP. It is an irrevocable trust, with payments to be provided to Mr. Falwell, or in the event of insolvency, which Liberty is not, Liberty's creditors. The SERP is the governing plan setting forth the amounts Mr. Falwell is entitled to and under what conditions. The Rabbi Trust cannot and does not amend or govern the timing of payment due under the SERP. Mr. Falwell has met the conditions set forth in the SERP and not only can Liberty pay the benefit through either their general accounts or the Rabbi Trust, but Liberty must pay the amount set forth in the SERP immediately, as it was due September 1, 2022.

Liberty asserts that Sections 2(a)[1] and 2(c)[2] of the Rabbi Trust give the Executive Committee of Liberty, as the "Authorized Party," the "exclusive responsibility for determining when SERP benefits should be paid under the terms of the SERP and the [Rabbi Trust]." Notwithstanding Sections 2(a) and 2(c) of the Rabbi Trust, the SERP, which governs, provides that Mr. Falwell is entitled to receive the SERP benefit "in a single lump sum payment." SERP, Paragraph 4. That payment, pursuant to the SERP, was due on September 1, 2022. The cited provisions, to the extent applicable, are not relevant to Mr. Falwell's SERP benefits claim and more importantly, do not authorize the Executive Committee as the "Authorized Party" to refuse to make payments due under the SERP.

---

[1]      Section 2(a) of the Rabbi Trust, to the extent applicable, is permissive. The "Payment Schedule" is designed to provide the parties the information for when payments should begin and how much the payment, or payments, should be. Here, Mr. Falwell is entitled to a lump sum payment, in an amount set forth by the SERP, "on the first of the month following the earliest to occur of the following: your death, your Disability (as defined in your Employment Agreement), and the second anniversary of your termination of employment with the University for any reason other than Cause (as defined in your Employment Agreement." SERP, Paragraph 4.

[2]      Section 2(c) of the Rabbi Trust simply provides that the Trustee is not responsible for determining when Mr. Falwell, or his beneficiary, should be paid, the amount of his payment, method of payment, or determining any tax consequences.

**CONFIDENTIAL**

Executive Committee of Liberty University's Board of Trustees
c/o David Corry, Corporate Secretary
c/o Carroll Hudson, Chairman
Through Scott C. Oostdyk, Counsel for Liberty University
December 28, 2022
Page 4

---

Liberty also cites Section 9(i) of the Rabbi Trust as a basis for delay of the payments to Mr. Falwell. Specifically, Liberty notes that the Lawsuit has arisen between Liberty and Mr. Falwell, and is currently pending resolution in the Circuit Court of the City of Lynchburg. Section 9 of the Rabbi Trust is titled "Responsibility and Indemnity of the Trustee." Section 9(i) provides the following:

> (i) If (1) there is any disagreement or dispute in connection with the Trust or the subject matter hereof, including without limitation any dispute between the Trustee, the University and/or the Participant, or between the University, the Participant and/or any person not a party to the Trust or (2) there are adverse or inconsistent claims or demands upon, or inconsistent instructions to the Trustee, or (3) the Trustee in good faith is in doubt as to what action to take pursuant to the Trust, the Trustee may at its election refuse to comply with any such claims, demands or instructions, or refuse to take any other action pursuant to this Trust until (i) the rights of all persons involved in the dispute have been fully and finally adjudicated by a court of competent jurisdiction or the Trustee has resolved any such doubts to its good faith satisfaction; or (ii) all disputes have been resolved between the persons involved and the Trustee has received written notice thereof satisfactory to it from all such persons.   Without limiting the generality of the foregoing, the Trustee may at its election interplead the subject matter of this Trust Agreement with a court of competent jurisdiction, or commence judicial proceedings for a declaratory judgment, and the Trustee shall be entitled to recover from the University the Trustee's attorneys' fees, expenses and costs in connection with any such interpleader or declaratory judgment action.

In other words, it permits the *Trustee* to "refuse to comply ... or refuse to take any action pursuant to this Trust." Rabbi Trust, Section 9(i).[3] It does not alter the fact that pursuant to the SERP, Mr. Falwell is entitled to payment, according to the SERP, either through the Rabbi Trust funds, or through payment directly by Liberty. *See* Rabbi Trust, Section 2(e).

---

[3]      Notably, it was not the Trustee who made the initial determination not to make payments; instead, it was Liberty through its August 24, 2022, letter from Robert L. Ritz, Chief Financial Officer, to the Trustee, stating "Liberty directs you not to issue any payments to the Participant, or to any beneficiary, until such time as Liberty advises you by further Authorized Instructions."

**CONFIDENTIAL**

Executive Committee of Liberty University's Board of Trustees
c/o David Corry, Corporate Secretary
c/o Carroll Hudson, Chairman
Through Scott C. Oostdyk, Counsel for Liberty University
December 28, 2022
Page 5

_____

For the foregoing reasons, Mr. Falwell appeals the denial of his claim for benefits.  Please contact me directly to arrange for the SERP benefit payment to be made to Mr. Falwell including all amounts of interest that have accrued since September 1, 2022. In the event Liberty chooses to not make the SERP benefit payment, Mr. Falwell will consider his appeal denied and take all appropriate steps afforded under ERISA following the 60-day period Liberty has to respond to Mr. Falwell's appeal, as set forth in Paragraph 7(a) of the SERP.

Very truly yours,

Vernon E. Inge Jr.

VEIjr:RND:MCC:ejs

cc:     Mr. Jerry L. Falwell, Jr. (*via e-mail transmission only*)