# EXHIBIT 2

July 22, 2020

Jerry L. Falwell, Jr.
President of Liberty University

Re:     Supplemental Executive Retirement Plan

Dear President Falwell:

The purpose of this letter is to describe the terms of the deferred compensation arrangement (the "Agreement") between you and Liberty University (the "University").  This Agreement is intended to satisfy the University's obligations set forth in Section 4.1(d) of your employment agreement with the University, dated July 1, 2019 (the "Employment Agreement") and, notwithstanding anything to the contrary in the Employment Agreement, constitutes the entire obligation of the University to provide supplemental retirement benefits to you.  This Agreement is effective as of the date hereof.

1.     Deferred Compensation Account.  The University has established on its books a supplemental executive retirement account (the "Account") for the purpose of measuring its obligation to pay you supplemental retirement benefits as described below.

2.     Credits to the Account.

a.     Within thirty (30) days of the date hereof, the University will credit to the Account, as of July 1, 2020, an amount equal to $7,635,927.

b.     On or about June 30, 2021 and each anniversary thereafter, provided you remain continuously employed as President of the University through each such crediting date, the University will credit to the Account, as of such June 30, an amount equal to Three Hundred Eighty Five Thousand Dollars ($385,000) less the annual employer contribution to the University's 403(b) plan (assuming the maximum employee contribution needed to achieve the maximum employer contribution for the plan year ending on such June 30 is made).

3.     Investment Return to the Account; Rabbi Trust.

a.     As of each June 30th, as of the last day of the month immediately preceding the month in which payment is to be made under this Letter Agreement, and as of such other times, if any, as the University determines, investment return at an annual rate of 6% shall be credited to the Account.  The Account will continue to be adjusted under this Paragraph 3 until all amounts due under this Letter Agreement have been paid to you or your beneficiary(ies) or have been forfeited. Upon full payment or forfeiture of benefits, the balance of the Account will be reduced to zero and no further amounts will be due under this Letter Agreement.

Jerry L. Falwell, Jr.                                                                July 22, 2020

b.      The University shall establish a so-called "rabbi" trust pursuant to the Trust Agreement attached hereto (the "<u>Trust</u>") for your benefit and shall deposit an amount equal to each credit described in Paragraph 2 and the investment return described in Paragraph 3 of this Letter Agreement within thirty (30) days of the applicable crediting date; provided, that if the balance of the Trust assets as of such applicable crediting date is no less than the balance of the Account (after taking into account the applicable credit and investment return), no such deposit requirement will apply for such applicable crediting date.  The Trust is intended to be a grantor trust, of which the University is the grantor, within the meaning of subpart E, part I, subchapter J, chapter 1, subtitle A of the Internal Revenue Code of 1986, as amended (the "<u>Code</u>"), and shall be construed accordingly.

4.      <u>Payment of the Account</u>.  Subject to Paragraph 5 below, you (or, in the event of your death, your beneficiary or estate) will be entitled to receive the balance of the Account attributed to credits made pursuant to Paragraph 2 (together with the earnings related described in Paragraph 3) in a single lump sum payment on the first of the month following the earliest to occur of the following: your death, your Disability (as defined in your Employment Agreement), and the second anniversary of your termination of employment with the University for any reason other than Cause (as defined in your Employment Agreement).

5.      <u>Forfeiture of the Account</u>.  Notwithstanding Paragraph 4 above, in the event that your employment is terminated for Cause (as defined in your Employment Agreement) or you engage in any Competitive Activity (as defined in your Employment Agreement) during the Non-Competition Period (as defined in your Employment Agreement), you will forfeit the right to the balance of the Account.

6.      <u>Designation of Beneficiary</u>.  You may designate one or more beneficiaries in writing, which designation shall become effective upon receipt by the University. In the absence of an effective beneficiary designation, any amounts payable hereunder upon your death shall be paid to your estate.

7.      <u>ERISA; Taxes; Withholding</u>.

a.      This Letter Agreement is intended to constitute a plan which is unfunded and is maintained primarily for the purpose of providing deferred compensation for a highly compensated management employee within the meaning of Sections 201(2), 301(a)(3), 401(a)(1) and 4021(b)(6) of the Employee Retirement Income Security Act of 1974, as amended ("<u>ERISA</u>").  This Letter Agreement shall be interpreted and administered to the extent possible in a manner consistent with the foregoing intention.  This Letter Agreement shall be administered by the Executive Committee of the University's Board of Trustees (the "<u>Committee</u>") in its full discretion.  Any determination made by the Committee with respect to this Letter Agreement will be final, binding and conclusive, in the absence of clear and convincing evidence that the Committee acted arbitrarily and capriciously.

77195221_6

Jerry L. Falwell, Jr.                                                    July 22, 2020

The Committee shall be deemed to be the plan administrator with responsibility for complying with any reporting and disclosure requirements of ERISA. If you believe you are being denied rights or benefits under this Letter Agreement, you (or your authorized representative) may file a claim in writing with the Committee. If any such claim is wholly or partially denied, the Committee will notify you of its decision in writing and contain such additional information as required by Section 503 of ERISA. Such notification will be given within 90 days after your claim is received by the Committee. Within 60 days after the date on which you receive a written notice of a denied claim you (or your authorized representative) may (a) file a written request with the Committee for a review of your denied claim and of pertinent documents and (b) submit written issues and comments to the Committee. The Committee will notify you of its decision in writing. Such notification will contain specific reasons for its decision. The decision on review will be made within 60 days after your request for review is received by the Committee. If the decision on review is not made within such period, your claim will be considered denied.

b.    All payments made by the University under this Letter Agreement shall be reduced by any tax or other amounts required to be withheld by the University under applicable law. The payments contemplated by this Letter Agreement are intended to comply with Section 409A of the Code and are intended to be subject to a substantial risk of forfeiture under Section 457(f) of the Code through the date of payment. In the event that any portion of a payment under this Letter Agreement is deemed to be vested under Section 457(f) of the Code and therefore taxable prior to the time it is paid to you (or your beneficiary or estate), the University will satisfy the additional required withholding from the undistributed portion of any amount payable and treat such undistributed portion as if such amount had been paid to you as wages (in a manner consistent with Section 409A of the Code). Any amount remitted or paid will be subtracted from the balance of the amounts payable.

c.    To the extent any amounts payable under this Letter Agreement result in current "wages" for FICA purposes, the University may reduce other pay of yours to satisfy withholding requirements related thereto, or may reduce the amounts payable pursuant to this Letter Agreement (in a manner consistent with Section 409A of the Code) by the amount of the required withholding. Any amount remitted or paid will be subtracted from the balance of the amounts payable.

8.    Non-alienation; Assignment. None of the payments hereunder shall be subject to any claim of any creditor, and, in particular, the same shall not be subject to attachment or garnishment or other legal process by any creditor. You do not have any right to alienate, anticipate, commute, pledge, encumber or assign the payment or proceeds which you or your estate may expect to receive, contingently or otherwise, under this Letter Agreement.

77195221_6

3

July 22, 2020

LIBERTY UNIVERSITY

By: _____

Dr. Jerry Prevo, Chairman, Board of Trustees

I accept and agree to the terms of the above Letter Agreement.

_____        _____
Date                      Jerry L. Falwell, Jr.

77195221_6

5

July 22, 2020

LIBERTY UNIVERSITY

By: _____

    Dr. Jerry Prevo, Chairman, Board of
    Trustees

I accept and agree to the terms of the above Letter Agreement.

7/21/2020

Date

_____

Jerry L. Falwell, Jr.

Jerry L. Falwell, Jr.                                                July 22, 2020

      I hereby designate the following beneficiary(ies) to receive the balance of the Account in the event of my death before the Account has been paid to me in full. The University shall pay each beneficiary equally unless otherwise indicated below. If I elect multiple Primary Beneficiaries and not all survive me, the University shall pay the survivors in proportion to their percentage allocations.

| Primary Beneficiary(ies) | Address | Percentage |
| --- | --- | --- |
| Rebecca T. Falwell | 2100 Old Cifax Road<br>Goode, VA 24556 | 100% |

If I am not survived by any Primary Beneficiary, the balance of the Account will be paid to my designated Contingent Beneficiary(ies), if any. The University shall pay each Contingent Beneficiary equally unless otherwise indicated below. If I elect multiple Contingent Beneficiaries, and not all survive me, the University shall pay the survivors in proportion to their percentage allocations.

| Contingent Beneficiary(ies) | Address | Percentage |
| --- | --- | --- |
| Jerry Lamon Falwell, III | 2819 Campbell Highway<br>Lynchburg, VA 24501 | 1/3 |
| Charles Wesley Falwell | 2899 Hawkins Ridge Road<br>Goode, VA 24556 | 1/3 |
| Caroline Grace Falwell | 2100 Old Cifax Road<br>Goode, VA 24556 | 1/3 |

5