UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| JERRY L. FALWELL, JR., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )  Civil Action No. 6:23cv00011 |
| | ) |
| LIBERTY UNIVERSITY, INC., *et al.*, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| | ) |
| LIBERTY UNIVERSITY, INC., | ) |
| | ) |
| *Counterclaim Plaintiff,* | ) |
| | ) |
| *v.* | ) |
| | ) |
| JERRY L. FALWELL, JR., | ) |
| | ) |
| *Counterclaim Defendant.* | ) |
| | ) |

## <u>NOTICE</u>

Plaintiff and Counterclaim Defendant, Jerry L. Falwell, Jr. (**"Mr. Falwell"** or "**<u>Plaintiff</u>**"), by counsel, hereby files this Notice to inform the Court of issues regarding case law cited by counsel for Defendant and Counterclaim Plaintiff, Liberty University, Inc.'s ("**<u>Liberty</u>**" or "**<u>Defendant</u>**"), in a recent filing with this Court relating to Mr. Falwell's Motion to Dismiss Liberty's Counterclaim (ECF 35).  This issue implicates counsel's duty of candor, so Plaintiff feels the need to file this Notice.

## <u>Notice to Court</u>

As this Court is aware, on September 5, 2023, Mr. Falwell filed his Motion to Dismiss Liberty University, Inc.'s Counterclaim (ECF 35) and his Memorandum in Support of Motion to

Dismiss Liberty University, Inc.'s Counterclaim (ECF 36). On September 19, 2023, Liberty filed its Opposition to the Motion to Dismiss of Jerry L. Falwell Jr. (ECF 37). Mr. Falwell, on September 26, 2023, filed his Reply Memorandum in Support of Motion to Dismiss Liberty University, Inc.'s Counterclaim (ECF 38).

Recently, Liberty noticed a hearing on its Motion for Leave to file a Third Amended Complaint ("**Motion for Leave to Amend**") in Liberty's state court action against Mr. Falwell for October 25, 2023, and the parties engaged in briefing on the issue. Liberty filed its reply brief in support of its Motion for Leave to Amend with the Circuit Court for the City of Lynchburg on October 23, 2023.  While preparing for oral argument on that motion, counsel for Mr. Falwell found what Mr. Falwell's counsel believes to be several serious misrepresentations to the Court.

On October 25, 2023, counsel for Mr. Falwell raised the issue before Judge Watson during a chambers conference with the parties.[1] During this conference, counsel for Liberty represented that he believed the offending language used in the reply brief to the Motion for Leave to Amend was "cut and paste[d]," (Hearing Tr. 19:14-15, October 25, 2023), from Liberty's filing before this Court in the Brief in Opposition to Mr. Falwell's Motion to Dismiss (ECF 37).

Mr. Falwell's counsel has reviewed Liberty's filing and confirmed that Liberty did in fact use the same language and case citations in its Brief in Opposition to Mr. Falwell's Motion to Dismiss (ECF 37).  Mr. Falwell now gives notice to this Court of the misrepresented cases presented in Liberty's argument. Out of abundance of clarity, Mr. Falwell acknowledges these misstatements were not addressed in his Reply Brief before this Court (ECF 38).  Counsel for Mr. Falwell did not become aware of the misrepresentations until after the Reply Brief was filed.

---

[1]     Liberty has since filed a copy of the transcript with the Circuit Court of Lynchburg providing the specifics of the chambers conference.

Mr. Falwell further states that he would have brought this matter to this Court's attention immediately following the October 25, 2023 hearing in Lynchburg State Court, but for Liberty representing they would "file a correction [in State Court] . . . and will do the same in the federal court" if they believed the cases were presented incorrectly.[2] (Hearing Tr. 22:13-17, October 25, 2023). Mr. Falwell's counsel wanted to provide the courtesy to allow Liberty to correct the record. Two weeks have now passed since the state court hearing, but Liberty has not notified this Court. Mr. Falwell understands that this Court is likely now analyzing the issues and nearing a decision; so, he feels that no further time can pass before notice of this issue is given to this Court.

Mr. Falwell believes the following cases cited by Liberty are presented incorrectly. Liberty, in addressing preemption of its rescission claim, cites, among other cases, *Davies v. Centennial Life Ins. Co.*, 128 F.3d 934 (6th Cir. 1997) and *Prince v. Sears Holdings Inc*, 848 F.3d 173 (4th Cir. 2017).  Liberty relies heavily on these cases to support its argument that torts committed prior to the formation of a SERP agreement are beyond the scope of federal preemption and sufficient to rescind such a contract.  In quoting *Davies*, Liberty states "[i]n 1997, the Sixth Circuit decided that claims for rescission based on misrepresentation occurring 'before the ERISA plan existed are not preempted, the claims ***not*** being for plan benefits.'" (ECF 37, p. 7 (citing *Davies*, 128 F.3d 934 (emphasis added)). Notably, there is no pin cite. Liberty further states, "[t]his case created an ***important temporal distinction*** and recognized the obvious reality that but for the misrepresentation of the beneficiary, the plan would not exist — thus nullifying the need to weigh

---

[2]     Counsel for Liberty initially told Counsel for Mr. Falwell they intended to file their corrective brief on Wednesday, November 1, 2023.  On November 2, 2023, Counsel for Liberty sent a letter to Judge Watson indicating they "will have [its] explanatory memorandum to chambers and the clerk tomorrow [November 3] afternoon. On November 3, Counsel for Liberty again sent a letter to Judge Watson indicating Liberty "will for sure file Monday." As of this filing, Liberty has not filed anything with either the State Court or this Court.

the impact of the misrepresentation of the plan as it actually existed because state law-based litigation might eviscerate the very contract." (ECF 37, pp. 7-8 (emphasis added)).

In fact, what *Davies* says is, "Defendants, … assert" that the Ohio statute pursuant to which it sought recission "does not 'relate to' the ERISA-governed plan under which plaintiffs seek benefits because the conduct supporting the claim for rescission — Janet Davies's alleged misrepresentations — occurred before the parties entered into the health insurance contracts.  This argument is ***unpersuasive*** for two reasons." *Davies*, 128 F.3d at 939 (emphasis added). The *Davies* court found, "plaintiffs' claim is for plan benefits; it is defendants' claim for rescission that is not. Because defendants' claim is essentially an affirmative defense, it is inextricably interwoven with plaintiffs' claim for benefits." *Davies*, 128 F.3d at 940. As it relates to the temporal distinction referenced by Liberty, the *Davies* court stated, "the mere fact that the allegedly false statements were made before there was a contract of insurance does not mean that [the claim for recission under state law] has no connection with an ERISA plan.  Defendants issued the contract in fact, and plaintiffs are now seeking benefits pursuant to the ERISA-governed plan of which the contract is part." *Davies*, 128 F.3d at 940. The *Davies* court, of course, ruled that the rescission claim was preempted.

Similarly, in *Prince*, Liberty asserts, "the Fourth Circuit, on these facts, regarded negligent misrepresentation be 'a legal duty (state or federal) independent of ERISA or the plan terms.'" (ECF 37, p. 10 (citing *Prince*, 848 F.3d at 178)).  That is, Liberty cited to *Prince* for the proposition that its counterclaim asserting pre-formation breaches of state law is not preempted.  (ECF 37, p. 10).  Contrary to Liberty's assertions, *Prince* states "***If an individual brings suit complaining of a denial of coverage*** …, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal)

independent of ERISA or the plan terms is violated, then the suit falls 'within the scope of ERISA.'" *Prince*, 848 F.3d at 178 (emphasis added). Here, that is precisely what Mr. Falwell has done. His suit complains of a denial of coverage due him under an ERISA-regulated plan. He does not allege independent violations of state law. Liberty quotes *Prince* to suggest that the existence of any non-ERISA federal or state law claim brought by either party is sufficient to avoid preemption. But that is not what *Prince* says.

Overall, Mr. Falwell believes that Liberty misstated the holdings and analysis of the aforementioned cases in its opposition to Mr. Falwell's Motion to Dismiss.[3] These cases were central to Liberty's argument regarding rescission in the Motion to Dismiss, which remains pending before this Court. Upon recognizing the misstatements and giving Liberty two weeks inform the Court itself of its mischaracterizations, Mr. Falwell now files his Notice before this Court.

Dated: November 8, 2023

Respectfully submitted,

JERRY L. FALWELL, JR.

/s/ *Vernon E. Inge, Jr.*
Counsel

Vernon E. Inge, Jr (VSB No. 32699)
Robert N. Drewry (VSB No. 91282)
WHITEFORD, TAYLOR & PRESTON L.L.P.
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:    (804) 977-3300
Facsimile:    (804) 977-3299
E-Mail:    vinge@whitefordlaw.com
E-Mail:    rdrewry@whitefordlaw.com

*Counsel for Plaintiff/Counterclaim Defendant, Jerry L. Falwell, Jr.*

---

[3]    Mr. Falwell also disagrees with Liberty's factual distinction of *Colburn v. Hickory Springs Man. Co.*, 448 F. Supp. 3d 512 (E.D.N.C. 2020), a case Mr. Falwell relies on. But, Liberty's effort to distinguish *Colburn* is not a direct misstatement of the holding of that case.

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2023, I electronically filed the foregoing *Notice* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>
> Scott C. Oostdyk, Esq.
> MCGUIREWOODS LLP
> Gateway Plaza
> 800 East Canal Street
> Richmond, Virginia 23219-3916
>
> *Counsel for Defendants, Liberty University, Inc., et al., and Counterclaim Plaintiff, Liberty University, Inc.*

>
> /s/ *Vernon E. Inge, Jr.*
> Vernon E. Inge, Jr. (VSB No. 32699)
> Robert N. Drewry (VSB No. 91282)
> WHITEFORD, TAYLOR & PRESTON L.L.P.
> Two James Center
> 1021 E. Cary Street, Suite 1700
> Richmond, Virginia 23219
> Telephone:      (804) 977-3300
> Facsimile:      (804) 977-3299
> E-Mail:         vinge@whitefordlaw.com
> E-Mail:         rdrewry@whitefordlaw.com
>
> *Counsel for Plaintiff/Counterclaim Defendant, Jerry L. Falwell, Jr.*